## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**KESLER AUGUSTE**,                                              Case NO.:

     Plaintiff,

     v.

**HAMPTON'S WEST CONDOMINIUM
ASSOCIATION, INC.**,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

     Plaintiff, KESLER AUGUSTE ("Plaintiff" or "AUGUSTE"), by and through undersigned counsel, sues Defendant, HAMPTON'S WEST CONDOMINIUM ASSOCIATION, INC., (hereinafter "Defendant" or "HAMPTON'S WEST"), and alleges as follows:

### NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1981; the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

### JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1981; the Age Discrimination in Employment Act 29 U.S.C. §621 et seq. (ADEA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miramar, Florida and was a resident of Broward County, Florida for all times relevant to this action.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. Defendant is a For Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII, ADEA, § 1981 and FCRA.

9. Plaintiff is a fifty-five (55) year old Black male of Haitian descent.

10. On or about June 20, 1993, Plaintiff was hired, and he began working for HAMPTON'S WEST.

11. At all times relevant, Defendant HAMPTON'S WEST had no employee handbook or an anti-discrimination policy in place.

12. Throughout his employment, Plaintiff worked in the Spa Department as a Spa Attendant.

13. Throughout his twenty-four (24) years employed by HAMPTON'S WEST, Plaintiff's work schedule was Monday through Friday 5:30 am to 1:00 pm, totaling forty (40) hours per week.

14. At all times relevant, Plaintiff's rate of pay was $17.88 per hour.

15. At all times relevant, Plaintiff received less pay than Hispanic workers with less experience and less time with HAMPTON'S WEST.

16. Plaintiff received no pay increase in his last six (6) years with HAMPTON'S WEST despite good work evaluations.

17. At all times relevant, Plaintiff was the only male employee of Haitian national origin working as a Spa Attendant in the Spa Department of Defendant.

18. In or around October 2018, HAMPTON'S WEST hired a new Property Manager, Stephen WALSHE (hereinafter referred to as "WALSHE"). WALSHE had the authority to impact the terms of Plaintiff's employment.

19. Defendant's WALSHE is a white male.

20. In Defendant's WALSHE'S first interaction with Plaintiff, WALSHE said, "OH! 25 YEARS, THAT'S A REALLY LONG TIME TO WORK FOR A COMPANY."

21. Defendant's WALSHE regularly made comments as it relates to Plaintiff AUGUSTE'S age and time with Defendant.

22. WALSHE regularly made comments as it related to Plaintiff's time with HAMPTON'S WEST.

23. In or around November 2018, WALSHE made changes to Plaintiff's schedule without notice or a legitimate business reason.

24. In or around November 2018, WALSHE Scheduled Plaintiff to work only on weekends (Fridays, Saturdays and Sundays).

25. WALSHE made Plaintiff AUGUSTE'S employment part-time, only working a total of twenty-seven (27) hours per week.

26. Plaintiff AUGUSTE complained to Defendant's WALSHE that the new schedule was unfair.

27. WALSHE gave Plaintiff's old schedule to a much younger incoming Hispanic woman.

28. Plaintiff AUGUSTE complained about the change in schedule and felt as though he was being discriminated against based on his race. WALSHE and Defendant refused to increase Plaintiff AUGUSTE'S hours.

29. WALSHE made every effort to make Plaintiff AUGUSTE excluded from the team due to his age and race.

30. WALSHE treated Defendant's Hispanic and white employees with respect.

31. WALSHE provided Defendant's Hispanic and white schedule with better schedules than Plaintiff AUGUSTE.

32. In or around February 2019, the young Hispanic woman resigned from the position and Plaintiff AUGUSTE was returned to his original schedule.

33. Throughout Plaintiff AUGUSTE'S time working with Defendant's WALSHE, WALSHE regularly yelled and berated Plaintiff in the presence of the other Spa Attendants.

34. Defendant's WALSHE subjected Plaintiff AUGUSTE to a hostile work environment.

35. On or about April 9, 2019, after Plaintiff's shift ended- Plaintiff made his way to his car in the rain, Plaintiff AUGUSTE found One Thousand Dollars ($1,000.00) in cash in the parking lot.

36. Defendant's manager called Plaintiff shortly after, and asked Plaintiff whether he had found the money ($1,000.00). Plaintiff informed the manager during the phone call that he had in fact found the ($1,000.00). Defendant's manager asked Plaintiff AUGUSTE to

return to work with the money, to which Plaintiff AUGUSTE said he could not return but would bring the money first thing in the morning.

37. Defendant's manager said that it was "OK" for Plaintiff AUGUSTE to turn the money in the next morning.

38. On or about April 10, 2019, WALSHE called Plaintiff AUGUSTE to his office and told Plaintiff he was fired.

39. Defendant had no policy in effect regarding lost property.

40. Plaintiff AUGUSTE explained that he had never been in trouble and he always turned money he found around the property to the Lost and Found.

41. HAMPTON'S WEST has on staff, a white employee who was caught stealing from residents on numerous occasions.

42. Defendant held Plaintiff AUGUSTE to a different standard than Plaintiff AUGUSTE'S non-Black colleagues.

43. Defendant replaced Plaintiff AUGUSTE with an individual who is Hispanic and significantly younger than Plaintiff.

44. All conditions precedent have occurred or been met, which includes the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission prior to one hundred eighty (180) days from the filing of this Complaint and the issuance of a Notice of Right to Sue on July 16, 2019.

45. Defendant discriminated against and terminated Plaintiff AUGUSTE on the basis of Plaintiff's race, color, and national origin, and because Plaintiff complained or opposed the unlawful conduct of Defendant related to the above protected classes.

46. Defendant retaliated against Plaintiff AUGUSTE for engaging in protected activity.

47. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

48. Plaintiff AUGUSTE claims actual discharge and also seeks reinstatement.

49. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

52. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

53. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

54. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION

## RACIAL DISCRIMINATION AND HARASSMENT § 1981

55. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

56. This is an action for discrimination and harassment because of race and national origin under Section 1981. Plaintiff is a Haitian Black man.

57. Plaintiff was the only Black and Haitian Spa Attendant on staff at HAMPTON'S WEST.

58. WALSHE yelled at and berated Plaintiff on account of his race.

59. At all times relevant, Plaintiff AUGUSTE was treated differently because his race and his Haitian background.

60. WALSHE reduced Plaintiff AUGUSTE'S hours while allowing the other four white (4) Hispanic workers to maintain their hours.

61. WALSHE moved Plaintiff AUGUSTE to a weekend schedule after maintaining the same five (5) day work week for the past twenty-four (24) years.

62. WALSHE gave Plaintiff AUGUSTE part time hours and gave the white Hispanic workers full time hours.

63. After Plaintiff AUGUSTE'S termination, Defendant replaced Plaintiff AUGUSTE with a white Hispanic female.

64. Defendant and Defendant's WALSHE subjected Plaintiff AUGUSTE to a hostile work environment because he is a Black man.

65. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Black individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

66. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such

anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

67. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

68. Defendants violated the above and Plaintiff suffered numerous damages as a result.

69. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

70. Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER § 1981

71. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

72. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

73. The harassing conduct was directly connected to Plaintiff AUGUSTE race and national origin.

74. Defendant delegated WALSHE the supervisory authority to control Plaintiff AUGUSTE'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff AUGUSTE'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

75. Defendant's WALSHE often yelled at and berated Plaintiff AUGUSTE in the presence of other employees.

76. Defendant's discriminatory conduct was not welcomed by Plaintiff AUGUSTE.

77. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

78. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

79. As a result of Defendant's violations of § 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

   b. Issue an order prohibiting further discrimination; and

   c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

   d. Award Plaintiff all compensatory damages provided; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## **AS A THIRD CAUSE OF ACTION**

## **RETALIATION UNDER § 1981**

80. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

81. WALSHE discriminated against Plaintiff AUGUSTE because he was a black Haitian.

82. Plaintiff AUGUSTE complained about the discriminatory treatment he received based on his race and national origin.

83. Plaintiff AUGUSTE was terminated after he complained about the discriminatory treatment based on his race and national origin.

84. Shortly after Plaintiff AUGUSTE'S complaints, Defendant's WASLHE terminated Plaintiff AUGUSTE.

85. The retaliatory actions taken against Plaintiff AUGUSTE world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

86. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION

## RACIAL DISCRIMINATION AND HARASSMENT UNDER

## TITLE VII

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

88. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

89. Plaintiff AUGUSTE's race and national origin was a motivating factor in the Defendant's treatment of Plaintiff AUGUSTE, including but not limited to refusing to return him to his

original schedule, no pay increase, forcing him to work on weekends and terminating his employment.

90. Defendant's WALSHE intentionally altered Plaintiff AUGUSTE's work environment because of his race.

91. Defendant's WALSHE reduced Plaintiff AUGUSTE's hours while allowing the other four (4) Hispanic workers to maintain their hours.

92. Defendant's WALSHE moved Plaintiff AUGUSTE to a weekend schedule after maintaining the same five (5) day work week for the past twenty-four (24) years.

93. Defendant treated Plaintiff AUGUSTE less favorably than similarly situated employees outside Plaintiff's protected class.

94. Defendant's WALSHE intentionally subjected Plaintiff AUGUSTE to a hostile work environment on account of Plaintiff AUGUSTE'S race and national origin.

95. HAMPTON'S WEST engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

96. Defendant HAMPTON'S WEST violated the above and Plaintiff suffered numerous damages as a result.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or

award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

97. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

98. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

99. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

100.    The harassing conduct was directly connected to Plaintiff AUGUSTE age and national origin.

101.    Defendant's WALSHE often yelled at and berated Plaintiff AUGUSTE in the presence of other employees.

102.    Plaintiff AUGUSTE did not welcome Defendant's conduct or comments.

103.     Defendant delegated WALSHE the supervisory authority to control Plaintiff AUGUSTE'S work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff AUGUSTE'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

104.     As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A SIXTH CAUSE OF ACTION

### RETALIATION UNDER TITLE VII

105.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

106.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

107.     Plaintiff AUGUSTE complained to Defendant's WALSHE about his hours being cut and that he had been treated discriminatorily.

108.     Shortly after Plaintiff AUGUSTE's complaints, Defendant's WALSHE began cutting Plaintiff AUGUSTE's hours- making Plaintiff AUGUSTE a part-time employee.

109.     Plaintiff AUGUSTE engaged in protected activity such as complaining about discrimination based on his race and age.

110.     Shortly after Plaintiff AUGUSTE'S complaints, Defendant's WASLHE terminated Plaintiff AUGUSTE.

111.     The retaliatory actions taken against Plaintiff AUGUSTE world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

112.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages,

emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SEVENTH CAUSE OF ACTION

## AGE DISCRIMINATION-ADEA

113.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

114.     This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Age Discrimination in Employment Act ("ADEA"), to include the remedies in 29 U.S.C. §621 et seq.

115.     Plaintiff AUGUSTE is fifty-five (55) years old and is protected against discrimination under the ADEA.

116.     Plaintiff AUGUSTE was replaced by much younger Hispanic workers without any experience.

117.     Defendant's WALSHE terminated Plaintiff AUGUSTE after making comments about how long Plaintiff had been working with HAMPTON'S WEST.

118.     Defendant failed to terminate the employment of younger Spa Attendants who Plaintiff AUGUSTE generally outperformed.

119.     Defendant continued to hire much younger employees to replace Plaintiff AUGUSTE after his unlawful termination.

120.     Defendant's WALSHE intentionally subjected Plaintiff AUGUSTE to a hostile work environment on account of Plaintiff AUGUSTE'S age.

121.     Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, refusing to return him to his original schedule and terminating his employment, on the basis of his age.

122.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices

            **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

                    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

                    b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS AN EIGHTH CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT UNDER ADEA**

123.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

124.    Defendant and WALSHE subjected Plaintiff to harassment and the harassment was motivated by Plaintiff AUGUSTE'S age.

125.    Defendant and WALSHE treated Plaintiff AUGUSTE harshly and ultimately terminated Plaintiff AUGUSTE because of his age.

126.    Defendant's WALSHE often yelled at and berated Plaintiff AUGUSTE in the presence of other employees.

127.    Defendant and WALSHE'S discriminatory conduct was not welcomed by Plaintiff AUGUSTE.

128.    The conduct was so severe and pervasive that a reasonable person in Plaintiff AUGUSTE'S position would find Plaintiff AUGUSTE'S work environment to be hostile or abusive.

129.      Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A NINTH CAUSE OF ACTION

## RETALIATION UNDER ADEA

130.      Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

131.     Defendant and WALSHE discriminated against Plaintiff AUGUSTE due to his age in making employment related decisions.

132.     WALSHE made comments about Plaintiff AUGUSTE being with Defendant as an employee for a "REALLY LONG TIME."

133.     Plaintiff AUGUSTE was older than the other Spa Attendants.

134.     Plaintiff AUGUSTE made complaints about WALSHE'S discriminatory comments and conduct.

135.     Defendant and WALSHE discriminated against him because of Plaintiff AUGUSTE'S complaints about being discriminated against.

136.     Defendant and WALSHE subjected Plaintiff AUGUSTE to a materially adverse action at the time, or after the protected conduct took place.

137.     There was a causal connection between Plaintiff AUGUSTE'S termination of employment and his complaints of discrimination.

138.     The retaliatory actions taken against Plaintiff AUGUSTE world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

139.     Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A TENTH CAUSE OF ACTION

## FCRA (RACE DISCRIMINATION)

140.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

141.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

142.    Plaintiff AUGUSTE is an individual of Haitian descent and is therefore a member of protected classes within the meaning of the applicable law.

143.    Plaintiff AUGUSTE was the only Haitian and Black Spa Attendant.

144.    At all relevant times, Plaintiff AUGUSTE was an employee under the FCRA.

145.    Plaintiff AUGUSTE is and was protected against discrimination under the FCRA.

146.    At all relevant times, Plaintiff AUGUSTE was qualified to do his job and other jobs at HAMPTON'S WEST.

147.    At all relevant times, Defendant treated Plaintiff AUGUSTE differently because he is black.

148.     Defendant replaced Plaintiff AUGUSTE with multiple Hispanic employees.

149.     Defendant's discrimination against Plaintiff AUGUSTE was willful or with reckless indifference to his protected rights.

150.     Plaintiff AUGUSTE has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN ELEVENTH CAUSE OF ACTION

## FCRA (AGE DISCRIMINATION)

151.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1

through paragraphs 54 above.

152.     This is an action to recover all damages, interest, equitable relief and attorney's

fees and costs on behalf of Plaintiff for violations of his state rights under the Florida

Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

153.     At all relevant times Defendant was an employer and a covered entity under the

FCRA subject to its provisions.

154.     Defendant's discrimination against Plaintiff AUGUSTE was willful or with

reckless indifference to his protected rights.

155.     At all times relevant, Plaintiff AUGUSTE was over the age of 40.

156.     Defendant's WALSHE made comments about how long Plaintiff AUGUSTE

worked for Defendant.

157.     Defendant replaced Plaintiff AUGUSTE with much younger employees.

158.     Defendant subjected Plaintiff AUGUSTE to a hostile work environment on

account of his race.

159.     Plaintiff AUGUSTE has been damaged as a direct and proximate result of

Defendant's illegal employment practices, including suffering economic damages,

compensatory damages, emotional pain and suffering, inconvenience, mental anguish,

outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and

tangible injuries.

     **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

<u>**AS A TWELFTH CAUSE OF ACTION**</u>

<u>**RETALIATION UNDER FCRA**</u>

160.     Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 54 above.

161.     Defendant took adverse employment actions against Plaintiff AUGUSTE because he complained about the racial discrimination and harassment; i.e., because he engaged in activities protected by the FCRA.

162.     WALSHE discriminated against Plaintiff AUGUSTE in making the decision to cut Plaintiff AUGUSTE'S hours.

163.     WALSHE made reference to the length of time that Plaintiff AUGUSTE was with Defendant as am employee.

164.     Plaintiff AUGUSTE complained about WALSHE'S discriminatory conduct.

165.     Defendant's WALSHE created a hostile work environment for Plaintiff AUGUSTE.

166.     Defendant terminated Plaintiff AUGUSTE after his complaint of discrimination and harassment.

167.     These retaliatory actions against Plaintiff AUGUSTE would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back

pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Respectfully Submitted,

October 9, 2019                                                   /s/ Tiffani-Ruth Brooks

Tiffani-Ruth Brooks
Fla. Bar No. 1010664
Derek T. Smith Law Group. PLLC
701 Brickell Ave., Suite 1310
Miami, FLL 33131
Tel: (305) 946-1884
Facsimile: (305) 503-6741
tiffani@dereksmithlaw.com